THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01778-WYD

BKGTH PRODUCIONS, LLC

a Texas Limited Liability Company,

   Plaintiff,

 v.

JOHN DOES 1-17,

   Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY PRIOR TO RULE 26(f) CONFERENCE  (AUTHORITY INCORPORATED)**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff BKGTH Productions, LLC, moves this Court for entry of an order granting it leave to serve third party subpoenas prior to a Rule 26(f) conference (the "Motion"), and submits the following memorandum in support of this motion.

**COMPLIANCE WITH DUTY TO CONFER UNDER D.C. COLO.LCivR 7.1 A.**

The Plaintiff's counsel acknowledges his duty under local court rule D.C. COLO.L.CivR7.1 A. to make good faith efforts to reasonably confer with opposing counsel or pro se parties prior to any motion. However, in this case, by virtue of the very nature of this motion requesting leave to pursue expedited discovery in order to determine the true identities of the opposing parties, the Plaintiff's counsel has been unable to confer with opposing counsel

1

or unrepresented parties prior to the filing of this motion.

## I.   INTRODUCTION

The Plaintiff seeks leave to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") so that the Plaintiff may learn Defendants' true identities. The Plaintiff is suing each of the Defendants for using the Internet and the BitTorrent protocol to commit direct and contributory copyright infringement.

Because the Defendants used the Internet to commit their infringement, the Plaintiff only Knows the Defendants by their Internet Protocol ("IP") addresses. The Defendants' IP addresses were assigned to the Defendants by their respective Internet Service Providers ("ISPs"). Accordingly, the ISPs can use the IP addresses to identify the Defendants. Indeed, ISPs maintain internal logs that record the date, time and customer identity for each IP address assignment made by that ISP. Significantly, the ISPs may maintain these logs for only a short period of time.

The Plaintiff seeks leave of Court to serve Rule 45 subpoenae on the ISPs and any related intermediary ISPs. Any such subpoenae will demand the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP issued an IP address. The Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, the Plaintiff cannot serve the Defendants nor pursue this lawsuit to protect its valuable copyright.

## II.   ARGUMENT

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent

a court order, a party may not propound discovery in advance of a Rule 26(f) conference. However, Rule 26(b) provides: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action, " and:

> In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference.

*UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008) (numbers added); *see also Arista Records, LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery. *See Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (Court may order expedited discovery for good cause.)

Some other courts, in the context of a defendant's First Amendment right to privacy, also require the plaintiff to: specify the discovery requested (a fourth "good cause factor), demonstrate a central need for the subpoenaed information to advance the asserted claims (a fifth factor), and establish that the party's expectation of privacy does not outweigh the need for the requested discovery (a sixth factor). *See Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004); see also *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted). Because the Plaintiff easily satisfies all of these requirements, this Court should grant this

motion for leave.

### A. Circuit Courts Unanimously Permit Discovery to Identify John Doe Defendants.

Federal Circuit Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants. For example, the First Circuit held in *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011) that "[a] plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." See also David v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) ("Courts have rejected the dismissal of suits against unnamed defendants . . . until the plaintiff has had some opportunity for discovery to learn the identities."). *Accord Blakeslee v. Clinton County*, 336 Fed.Appx. 248, 250 (3d Cir. 2009); *Chidi Njoku v. Unknown Special Unit Staff*; 217 F.3d 840 (4th Cir. 2000); *Green v. Doe*, 260 Fed.Appx. 717, 719 (5th Cir. 2007); *Brown v. Owens Corning Inv. Review Committee*, 622 F.3d 564, 572 (6th Cir. 2010); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); Young v. Transportation Deputy Sheriff I, 340 Fed Appx. 368 (9th Cir. 2009); Krueger v. Doe, 162 F.3d 1173, (10th Cir. 1998); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir.); *see also Nu Image, Inc. v. Doe,* 2012 U.S. Dist. LEXIS 72420 (M. Dist. Fla. 2012).

### B. Good Cause Exists to Grant the Motion

All six of the factors establishing "good cause" for expediting discovery that are identified in the preceding paragraphs of this motion are present in this case, thereby warranting the granting

of this motion.

### 1. The Plaintiff Has Properly Pled Copyright Infringement

The Plaintiff has satisfied the first good cause factor by properly pleading a cause of action for copyright infringement, as follows:

> 47. By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the registered work that are original.
>
> 48. The Plaintiff did not authorize, permit, or provide consent to the Defendants to copy, reproduce, redistribute, perform, or display its Work.
>
> 49. As a result of the foregoing, each Defendant violated the Plaintiff's exclusive right to:
>
> (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501;
>
> (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;
>
> (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and,
>
> (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work non-sequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display.)
>
> 50. Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).
>
> 51. The Plaintiff has suffered actual damages that were proximately caused by each of the Defendants, including lost sales, price erosion, and a diminution of the value of its copyright.

Complaint at ¶¶ 47-51. See 17 U.S.C. §106; *In re Aimster Copyright Litig.*, 334

F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."). Further, the Plaintiff's allegations of infringement are attested to by the Plaintiff's investigator, Darren Griffin. *See* Declaration of Darren Griffin in Support of Plaintiff's Motion for Leave to Take Limited Expedited Discovery Prior to a Rule 26(f) Conference ("Griffin Declaration") at ¶¶ 24 through 33, Exhibit A, referencing Exhibit A to the Complaint. Accordingly, the Plaintiff has exceeded its obligation to plead a prima facie case.

### 2. There Is No Other Way To Obtain the Defendants' True Identities.

Other than by getting the information from the Defendants' ISPs, there is no other way to obtain the Defendants' true identities because "[o]nly the ISP to whom a particular IP address has been assigned for use by its subscribers can correlate that IP address to a particular subscriber. From time to time, a subscriber of internet services may be assigned different IP addresses from their ISP. Thus, to correlate a subscriber with an IP address, the ISP also needs to know when the IP address was being used. Unfortunately, many ISPs only retain for a very +limited amount of time the information necessary to correlate an IP address to a particular subscriber." Griffin Declaration at ¶ 18. Indeed,"[o]nce provided with the IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address, phone number and Media Access Control number of the subscriber" [i.e., the Defendant]. Griffin Declaration at ¶

17. (A Media Access Control, or "MAC" number or address, is a number that identifies the specific computer used for the infringing activity.) Because there is no other way for the Plaintiff to obtain the Defendants' identities, except by serving a subpoena on Defendants' ISPs demanding it, the Plaintiff has established the second good cause factor. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### 3. There Is A Risk That An ISP Will Destroy Its Logs Prior To The Rule 26(f) Conference.

Logically, it is not possible for Plaintiffs to have a 26(f) conference with the Defendants until the Plaintiff learns their identities. Therefore, because "[m]any ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time," see Griffin Declaration at ¶ 18, it is an absolute certainty, unless this Motion granted, that the identifying records will be destroyed in advance of the 26(f) conference. Further, unless action is taken quickly, the ISPs' records may be deleted or destroyed, and the Plaintiff's right to sue the Defendants for infringement may be forever lost. Because the identifying records will undoubtedly be destroyed before a 26(f) conference, which cannot occur until Plaintiff obtains Defendants' identities from the ISPs, the Plaintiff has satisfied the third good cause factor. *UMG*, 2008 WL 4104214, *5.

### 4. Plaintiff Has Clearly Identified The Information Sought Through Discovery.

The Plaintiff seeks to discover from the Defendants' ISPs the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendants. This is all specific information that is in the possession of the Defendants' ISPs.

Because the requested discovery is limited and specific, the Plaintiff has satisfied the fourth good cause factor. *Sony*, 326 F. Supp., at 566.

### 5. The Plaintiff Needs The Subpoenaed Information To Advance The Asserted Claims.

Obviously, without learning the Defendants' true identities, the Plaintiff will not be able to serve the Defendants with process and proceed with this case. The Plaintiff's important statutorily protected property rights are at issue in this lawsuit and, therefore, the equities should weigh heavily in favor of preserving the Plaintiff's rights. Because identifying the Defendants by name is necessary for Plaintiff to advance the asserted claims, the Plaintiff has established the fifth good cause factor. *Id*.

### 6. The Plaintiffs' Interest in Knowing Defendants' True Identities Outweighs Defendants' Interests in Remaining Anonymous.

The Plaintiff has a strong legitimate interest in protecting its copyrights. The Defendants are all copyright infringers who have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in distributing the copyrighted works in question without permission. *See Interscope Records v. Does 1-14*, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); and *Sony Music Entertainment, Inc. v. Does 1–40*, 326 F.Supp.2d

556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission.") Because the Defendants do not have a legitimate interest in remaining anonymous and Plaintiff has a strong, statutorily recognized and protected interest in protecting its copyrights, the Plaintiff has established the sixth good cause factor.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff requests that this Court forthwith grant leave to the Plaintiff to issue Rule 45 subpoenas to the Defendants' ISPs. A proposed order is tendered with this motion.
.

DATED this 9th day of July, 2013.

Respectfully submitted,

s/ David J. Stephenson, Jr.
David J. Stephenson, Jr.
2801 Youngfield St., Suite 300
Golden, Colorado 80401
Telephone: (303) 726-2259
Facsimile: (303) 362-5679
david.thunderlaw@gmail.com
Attorney for BKGTH Productions, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *David J. Stephenson, Jr.*