**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01778-WYD-MEH

BKGTH PRODUCTIONS, LLC,

a Texas Limited Liability Company,

        Plaintiff,

  v.

JOHN DOES 1-3, 5-10, 12, and 14-16,

        Defendants.

**MOTION FOR EXTENSION OF TIME TO SERVE REMAINING DEFENDANTS
(AUTHORITY INCORPORATED)**

Pursuant to Fed. R. Civ. P. 4(m), D.C.COLO.LCivR 6.1C, and law, the Plaintiff respectfully requests an additional thirty (60) days beyond the December 2, 2013 date set by the Court in its October 31, 2013 Minute Order (docket #42), or up to and including January 31, 2014, to serve the remaining defendants in the above-captioned action. Pursuant to D.C.COLO.LCivR 6.1D, the Plaintiff states that this is the second request for an extension of time in this case.

AS GROUNDS THEREFOR, the Plaintiff states:

1. All citations to legal authority, all references to the record in this case, all exhibits, and all arguments in the first motion for extension of time [filed October 31, 2013; docket #39] are incorporated herein.

2. The record in this case shows that despite the plaintiff's effort to expedite the

production by ISPs of identifying information regarding the defendants, the plaintiff still has not known the identity *any* of the John Doe defendants for the 120 days allowed by Fed. R. Civ. P. 4(m) to effect service (*see* docket #39, paras. 5 & 6).  The earliest date identifying information was provided by any ISP was August 29, 2013, and ISP Comcast did not provide any responsive information until September 27, 2013 (docket #39, para. 5).  One hundred twenty days after September 27, 2013 is January 25, 2014 (docket #39, para. 6).

  3. Moreover, due to a motion to sever/dismiss that has been pending since October 31, 2013 (*see* docket #44), the plaintiff's counsel has had limited or no contact with the remaining Doe defendants since the motion was placed in pending status, because of the uncertain nature of the status of the pending claims against them, and the plaintiff's counsel does not anticipate any contact with them until the pending motion to sever/dismiss is resolved.

  4. The claims in this case have nevertheless already been resolved as to four of the original seventeen Doe defendants

  5. For the foregoing reasons, there is good cause for granting this request for an extension of time to effectuate service on the remaining defendants up to and including January

31, 2014. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995), *cert. den.*

DATED this 2nd day of December, 2013.

Respectfully submitted,

/s/ David J. Stephenson, Jr.
David J. Stephenson, Jr.
2801 Youngfield St., Suite 300
Golden, Colorado 80401
Telephone: (303) 726-2259
Facsimile: (303) 362-5679
E-Mail:  david.thunderlaw@gmail.com
Attorney for the Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties who have agreed to accept service through this system.

By:  /s/ David J. Stephenson, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2013, I filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on the following interested party or parties by mailing a copy of the foregoing document, postage prepaid, by first class mail to the last known address of that party or parties under its anonymous identity:

John Doe Defendant No. 12
Pro Se
8845 Downy Way
Grand Junction, CO 81504

By: /s/ David J. Stephenson, Jr.